IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

MEGAN TURNER

Plaintiff,

vs.

SNR GLOBAL, LLC d/b/a

JS SPRINGFIELD, LLC and SOUTHERN ROOFING AND RENOVATIONS, LLC,

Defendant.
*Defendant may be served at:*
*Registered Agent Leisa Mashelle Foster*
*1927 S Glenstone Ave.,*
*Springfield MO 65804-2304*
*Registered Agent Cory Just*

Case No.

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and for her Complaint, states as follows:

### GENERAL ALLEGATIONS

1. Plaintiff is citizen of the state of Missouri and the United States of America.

2. Defendant, SNR Global LLC, d/b/a JS Springfield, LLC and Southern Roofing and Renovations, LLC, (hereinafter "SNR"), is a corporation registered in the State of Missouri.

3. Defendant SNR may be sued and served through its resigstered agent, Leisa Mashelle Foster, at 1927 S. Glenstone Springfield MO 65804-2304.

4. Plaintiff was employed as a secretary/assistant for the General Manager, Chase Hoffman for the Defendant (hereinafter "GM Hoffman").

5. Plaintiff did an excellent job throughout her tenure as an employee of SNR.

6. Plaintiff received no/zero written reprimands, counseling or writing alleging any failure of performance of the duties of her position.

7. The personnel file of Plaintiff reflects her excellent work performance.

8. When GM Hoffman, hired Plaintiff, it was discussed with Plaintiff, that if she proved herself, within a few months that she would be promoted to Office Administrator.

9. GM Hoffman discussed the Office Administrator position with Plaintiff specifically the annual salary and necessary training.

10. Plaintiff accepted the secretary/assistant position under the premises that she would be promoted to Office Administrator.

11. Plaintiff participated in completing duties that the Office Administrator would do by attending administrative meetings and other tasks.

12. Plaintiff, as a female training to become the office administrator, was treated differently than male associates and workers.

13. GM Hoffman engaged in conduct of sexual harassment and creating a hostile environment to plaintiff, as a female employee, by engagin in inappropriate sexual conduct.

14. Plaintiff made a verbal report of gender discrimination and sexual harassment to GM Hoffman.

15. Defendant had a policy that prohibited gender discrimination.

16. Defendant had a policy that prohibited sexual harassement.

17. Defendant had a polic that prohibited a hostile work environment to females as a gender.

18. Defendant violated its discrimination policy as to the work enviroment of plaintiff as a female, and by failing to investigate, make a finding and remediatate/stop the conduct of gender discrimination, sexual harrassment and the existence of a hostile environemnt.

19. In November of 2022, Plaintiff did not receive the promotion to Office Administrator.

20. Plaintiff's not receiving the position the promotion to position of Officer Administrator was in retaliation for her voiced opposition to GM Hoffman's sexual harassment and inappropriate conduct. Plaintiff's reports were motivating factors for not receiving the promotion to Office Administrator.

21. On her last day of employment in December of 2022, GM Hoffmann made a copy of the crack of his butt on the copier and placed it on the conference table where we would have meetings.

22. GM Hoffmann and defendant failed to comply with policy, failed to stop the inappropriate conduct of a sexual nature and instead continued the conduct.

23. Plaintiff was involuntarily terminated, constructively terminated, as a result of the conduct of defendant, it's failure to comply with policy and the continuation of the inappropriate conduct of a sexual nature and it's retaliation.

## COUNT I – DISCRIMINATION/GENDER

**COMES NOW** Plaintiff and for Count I, states:

24. Incorporate herein the General Allegations.

25. Plaintiff was an 'employee' within the meaning of Title VII, 42 U.S.C. Sec. 2000e, et seq.

26. Defendant is an 'employer' within the meaning of Title VII, 42 U.S.C. Sec. 2000e, et seq.

27. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Equal Opportunity Commission. Attached hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

28. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

29. Defendant engaged in unlawful employment practices of gender discrimination, as set forth herein, against Plaintiff in violation of Title VII 42 U.S.C. Sec. 2000e-3, *et seq* in Plaintiff's gender was a motivating factor for the adverse employment actions herein.

30. Plaintiff was subject to a hostile environment of sexual harassment and gender discrimination which Defendant was aware of and failed to stop or prevent.

31. The actions of Defendant were intentional, willful and calculated toward Plaintiff and constituted willful violations of Title VII 42 U.S.C. Sec. 2000e-3, *et seq*

32. Plaintiff has suffered loss wages, physical and mental pain, anguish and distress by Defendant's unlawful practices in violation of Title VII 42 U.S.C. Sec. 2000e-3, *et se*.

**WHEREFORE**, Plaintiff prays the Court:

A. Adjudge and decree that Defendant sexually harassed and discriminated/gender against Plaintiff, and that said actions by Defendant were willful violations of the Act;

B. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under Title VII 42 U.S.C. Sec. 2000e-3, *et seq* and;

D. For all other relief the Court deems just and proper.

## COUNT II – RETALIATION

**COMES NOW** Plaintiff and for Count II, states:

33. Plaintiff was an 'employee' within the meaning of Title VII, 42 U.S.C. Sec. 2000e, et seq.

34. Defendant is an 'employer' within the meaning of Title VII, 42 U.S.C. Sec. 2000e, et seq.

35. With respect to the unlawful employment practices, a Charge of Discrimination was filed with the Equal Opportunity Commission. Attached hereto **Exhibit A** is a true and accurate copy of the Charge of Discrimination made part hereof by reference as to the facts set forth therein.

36. With respect to the Charge of Discrimination, Plaintiff was issued a Right to Sue letter by the EEOC, informing her of her right to pursue independent legal action and this action is filed in a timely manner within 90 days of receipt of the Right to Sue. Attached hereto **Exhibit B** is a true and accurate copy of the Right to Sue.

37. Defendant engaged in unlawful employment practices of gender discrimination, as set forth herein, against Plaintiff in violation of Title VII 42 U.S.C. Sec. 2000e-3, *et seq* in Plaintiff's gender was a motivating factor for the adverse employment actions herein.

38. Defendant retaliated against Plaintiff in:

    a. That Defendant violated policy in failing to investigate Plaintiff's reports of discrimination;

    b. That Defendant withdrew its promotion to Office Manager;

    c. That Defendant spoke ill of and defamed Plaintiff;

    d. The constructive termination of plaintiff.

39. Defendant engaged in unlawful employment practices of discrimination/retaliation, as set forth herein, against Plaintiff in violation of Title VII 42 U.S.C. Sec. 2000e-3, *et seq* in Plaintiff's gender and complaint of sexual harassment was a motivating factor for the adverse employment actions herein.

40. Plaintiff was subject to a hostile environment of retaliation which Defendant was aware of and failed to stop or prevent.

41. The actions of Defendant were intentional, willful and calculated toward Plaintiff and constituted willful violations of Title VII 42 U.S.C. Sec. 2000e-3, *et seq*

42. Plaintiff has suffered loss wages, physical and mental pain, anguish and distress by Defendant's unlawful practices in violation of Title VII 42 U.S.C. Sec. 2000e-3, *et se*.

**WHEREFORE**, Plaintiff prays the Court:

A. Adjudge and decree that Defendant discriminated/retaliated against Plaintiff, and that said actions by Defendant were willful violations of the Act;

B. Order Defendant to make Plaintiff whole for the loss of income she has suffered as a result of Defendant's unlawful employment practices, including back pay from the time of the unlawful discrimination, wage increases and reimbursement of any lost fringe benefits, Social Security contributions, front pay, and all other monetary compensation, including prejudgment interest, for injuries and damages suffered by Plaintiff;

C. Award Plaintiff attorney's fees, costs and all other relief afforded under Title VII 42 U.S.C. Sec. 2000e-3, *et seq* and;

D. For all other relief the Court deems just and proper.

*/s/Jay Kirksey*

**Jerry M. (Jay) Kirksey**
Missouri Bar No. 38643
Attorney for Plaintiff

**Kirksey Law Firm, LLC**
711 S. Albany Avenue
Bolivar, Missouri 65613-2619
Telephone 417.326.4529
Facsimile 417.326.8531
jmkirksey@kirkseylawfirm.com